UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZACHARY MEYER,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN TOWING ENTERPRISES, INC., a Delaware corporation, and THE CITY OF SEATTLE<br><br>Defendants. | No.<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Zachary Meyer, by and through his attorneys Conrad Reynoldson and Michael Terasaki of Washington Civil & Disability Advocate, hereby brings this Complaint against Defendants City of Seattle and Lincoln Towing Enterprises, Inc.

## I. INTRODUCTION

1. Lincoln Towing Enterprises, Inc. ("Lincoln Towing") is an automobile towing and impound business located in Seattle, Washington, which provides towing services under contract for the City of Seattle on Seattle public streets.

2. Unfortunately, Defendant City of Seattle and its contractor Lincoln Towing have permitted barriers at the impound lot and adjoining office building that have the effect of

COMPLAINT - 1

WASHINGTON CIVIL & DISABILITY
ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

excluding users of wheelchairs from effectively or efficiently accessing the impound lot and office building business areas. These discriminatory barriers violate Title II of the Americans with Disabilities Act and Washington's Law Against Discrimination.

3. Defendant Lincoln Towing has permitted barriers at the Seattle Impound Location that have the effect of excluding users of wheelchairs from effectively or efficiently accessing the impound lot and office building business areas. These discriminatory barriers violate Title III of the Americans with Disabilities Act and Washington's Law Against Discrimination.

4. Plaintiff Zachary Meyer, who has a mobility disability requiring him to use a wheelchair, brings this litigation after being denied equal access to automobile retrieval services related to towing and impound from Seattle city streets.

5. Defendants have violated Title II and Title III of the Americans with Disabilities Act and Washington's Law Against Discrimination in a variety of ways, including but not limited to:

- Failing to ensure City of Seattle public street parking and towing programs are carried out in compliance with Title II of the Americans with Disabilities Act ("Title II");

- Failing to ensure City of Seattle contractors carry out contracts in compliance with Title II;

- Failing to provide accessible routes from the point of arrival to the business and car retrieval areas of the impound facility as required by Title II and Title III of the Americans with Disabilities Act ("Title III");

- Failing to provide accessible parking at the impound locations as required by Title II and Title III; and

- Failing to comply with the 2010 and 1991 ADA Standards for Accessible Design.

6. Plaintiff brings this lawsuit to ensure that he and others who use wheelchairs or other mobility devices have practical, equal, and meaningful access to the necessity of retrieving a towed and impounded vehicle.

## II. JURISDICTION AND VENUE

7. This action arises under the laws of the United States and is brought pursuant to § 12132. Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction).

8. The court also has supplemental jurisdiction over Plaintiff's state law claims under Washington's Law Against Discrimination, RCW 49.60, pursuant to 28 U.S.C. § 1367.

9. Venue in this court is proper pursuant to 28 U.S.C. § 1391(b)(2), as all of the events giving rise to the claims occurred in King County, Washington State.

## III. PARTIES

10. Plaintiff Zachary Meyer is currently and at all times relevant to this suit has been a resident of Seattle, Washington. Plaintiff Zachary Meyer is an individual with a disability as he is substantially limited in major life activities, including but not limited to walking, and relies on a wheelchair for mobility.

11. Defendant City of Seattle is a public entity. 28 C.F.R. § 35.104.

12. Defendant Lincoln Towing Enterprises Inc. is a Delaware profit corporation operating towing and impound services on City of Seattle streets under contract from the City of Seattle.

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

13. Lincoln Towing is the exclusive towing contractor for the City of Seattle for improperly parked vehicles.

### IV. STATEMENT OF FACTS

#### Background

14. The City of Seattle builds and maintains public streets and roads as a major part of the city's transit program. Parking, and the regulating, governing, and monitoring of parking on city streets is an integral part of the Seattle streets and roads program.

15. The City of Seattle has delegated the responsibility for towing improperly parked cars on public streets and roads to Lincoln Towing, who tows automobiles from public streets and impounds them at Lincoln Towing's 3919 Pasadena Pl NE location.

16. When Lincoln Towing, on behalf of the City of Seattle, tows and impounds a vehicle the owner travels to and enters the impound facility office building to speak with Lincoln Towing staff in order to gain release of the vehicle.

17. Regulations in the Americans With Disabilities Act (the "ADA") include the following provisions: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . ." 42 U.S.C. § 12182.

18. "No qualified individual with a disability shall, on the basis of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity." 28 C.F.R. § 35.130(a).

19. "A public entity, in providing any aid, benefit, or service, may not, directly or through contractual, licensing, or other arrangements, on the basis of disability...deny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or

COMPLAINT - 4

service...afford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others...Provide different or separate aids, benefits, or services to individuals with disabilities or to any class of individuals with disabilities than is provided to others...Otherwise limit a qualified individual with a disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service." 28 C.F.R. § 35.130(b)(1).

20. As defined by the ADA, unlawful "discrimination" occurs when features of an accommodation, directly or through contractual, licensing, or other arrangements, subjects an individual, on the basis of a disability, to a denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

21. Defendants are required to provide entry routes and service counters equally as accessible to people using wheelchairs as to members of the general public.

### Defendants' Towing and Impound Locations

22. Defendants City of Seattle and Lincoln Towing own, control, contract for, or manage the impound lots and office buildings located at 3919 Pasadena Place NE, Seattle, WA (the "South Impound Location"), and 12220 Aurora Ave N, Seattle, WA (the "North Impound Location").

### The South Impound Location

23. At the South Impound Location the impound lot sits on the south side of the office building. Both the impound lot and the office building sit on Pasadena Place, which has a significant slope, and there is no designated disability accessible parking.

COMPLAINT - 5

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

24. Despite both an open main gate and open pedestrian access gate at the South Impound Location, the impound lot is difficult, dangerous, or impossible for a wheelchair user to access due to loose gravel covering the ground surface of the lot.

25. The office building at the South Impound Location can be reached by climbing a set of stairs. These stairs lead up from the street to doors labeled "CUSTOMER ENTRANCE" AND "EMPLOYEES ONLY."

26. No signage on or around the South Impound Location main gate, impound lot pedestrian access gate, building steps, or customer entrance door directs wheelchair users to an accessible entrance route.

27. An unmarked, unwelcoming garage door near the rear of the South Impound Location office building has large edges, cracks, bumps, and plant growth at the bottom making wheelchair entry dangerous, difficult, or impossible.

28. Inside the office building at the South Impound Location windowed service counters at adult standing height are the only way to interact with employees.

### The North Impound Location

29. The North Impound Location impound lot sits to the North of the office building.

30. The office at the North Impound Location provides customer parking spots in front but does not provide any designated disability accessible parking.

31. Employees at the North Impound Location office communicate with customers through a clear partition on top of a standing-height service counter, and there is no service counter at a wheelchair accessible height.

32. Cars left at the South Impound Location for more than one day are transferred to the North Impound Location.

### Mr. Meyer's Experience at the South Impound Location

33. Mr. Meyer parked his automobile on the street at 300 Battery Street in Seattle on July 18, 2018 to see a movie at the nearby Cinerama, believing his parking spot to be legal and appropriate.

34. Upon returning to his vehicle, Mr. Meyer learned that while he had indeed legally parked his vehicle several hours earlier, the parking location became a "Metro bus only" location from 2 p.m. to 7 p.m., and his car had been towed.

35. Mr. Meyer immediately obtained and paid for a ride to the South Impound Location for himself and his wheelchair in order to retrieve his vehicle, and after arriving on the poorly maintained curb outside of the impound lot, Mr. Meyer searched for the entry to the towing office.

36. Seeing only a set of dust and dirt covered stairs to the "customer entrance" door above and finding no towing employee in sight, Mr. Meyer dismounted his wheelchair and, using his hands and arm strength, pulled himself up, stair by stair, to the landing at the top of the steps, losing both shoes in the process.

37. After knocking on the door several times without answer, Mr. Meyer managed to open the door and drag himself along the dirty floor into the building until he reached a chair where Mr. Meyer pulled himself into a seated position.

38. Mr. Meyer flagging down the employee behind the tall service counter window and, after explaining why he could not come to the window, Mr. Meyer requested his wheelchair

COMPLAINT - 7

be brought into the building to prevent theft. Thankfully, the facility employee assisted and retrieved Mr. Meyer's wheelchair.

39. Mr. Meyer was then able to pay for his automobile's release and he proceeded to exit the building, where, having no other option to exit other than the way he entered, he descended the stairs step by step, again using his hands and arms, controlling his wheelchair alongside him on his way down.

40. Upon reaching the ground level, Mr. Meyer resituated himself in his wheelchair and proceeded to the impound lot to retrieve his vehicle, where Mr. Meyer learned the gravel of the impound lot was too loose for him to access in a wheelchair without getting stuck.

41. Distraught, but unbeaten, Mr. Meyer steeled himself for yet another journey, this time across the ground of a dirty gravel impound lot where his car resided.

42. Eventually, with assistance, Mr. Meyer was able to reach and enter his automobile.

43. Mr. Meyer, at that point both exhausted and dirty from his hand over hand travel on the ground, stairs, and floor, departed the South Impound Location in his vehicle, frustrated, humiliated, and embarrassed.

44. Plaintiff Mr. Meyer lives in Seattle and continues, and plans to continue, using City of Seattle public streets and street-side parking despite the looming potential of another punishing journey to a Lincoln Towing impound lot; a journey substantially more physically and mentally exhausting than it would be for a non-wheelchair user.

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

45. Plaintiff Mr. Meyer filed a formal complaint with the City of Seattle detailing his experiences but, unfortunately, Mr. Meyer's plight remains unresolved and the City of Seattle refused to help.

46. Plaintiff has been damaged and will continue to be damaged by Defendants' discrimination and failure to operate under ADA regulations.

**Defendants Violate ADA Standards**

47. The South Impound Location and the North Impound Location do not comply with the ADA's accessibility laws and regulations under either the 1991 ADA Standards for Accessible Design (the "1991 Standards") or the 2010 ADA Standards for Accessible Design (the "2010 Standards").

48. Accessible routes are required under § 206 of the 2010 Standards, and entrances must be located on accessible routes. § 206.4 of the 2010 Standards and § 4.1 of the 1991 Standards.

49. No wheelchair accessible routes exist for accessing the office building and impound lot at the South Impound Location.

50. Where customer parking is provided, accessible parking spaces must be provided. § 208 of the 2010 Standards and § 4.6.1 of the 1991 Standards.

51. No accessible parking spaces exist at the North Impound Location or the South Impound Location.

52. Floor and ground surfaces shall be stable, firm, and slip resistant under § 302 of the 2010 Standards and § 4.5.1 of the 1991 Standards.

53. The loose gravel of the impound lot at the South Impound Location and portions of the North Impound Location are not stable, firm, or slip resistant.

54. Service counters must include accessible sections no higher than 36 inches above the floor. § 904.4 of the 2010 Standards and § 7.2 of the 1991 Standards.

55. The service counters at both the North Impound Location and the South Impound Location are higher than 36 inches above the ground.

## V. CAUSES OF ACTION

### First Cause of Action
### Title II of the Americans with Disabilities Act of 1990
### 42 U.S.C. § 12101 *et seq.*

56. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

57. Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

58. At all times relevant to this action the City of Seattle was and is a "public entity" within the meaning of Title II of the ADA and provides automobile road and parking programs, services, or activities to the general public.

59. Those who operate under contract, on behalf of, or closely associated with public entities are subject to Title II of the ADA. Title III Technical Assistance Manual, at § III–1.3000. (1994 Supp.). Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 875–76 (9th Cir. 2004) ("The guidance provided in the technical assistance manual is an

interpretation of the DOJ's regulation… and, as such, is entitled to significant weight as to the meaning of the regulation.").

60. A public entity must ensure meets Title II obligations for any aid, benefit, or service it provides directly or through contractual, licensing, or other arrangements. 28 C.F.R. §35.130.

61. Lincoln Towing, as public towing contractor for the City of Seattle, is subject to Title III of the ADA when fulfilling that contact, and the City of Seattle is required to ensure its contracts are carried out in compliance with Title II of the ADA.

62. Thus, Plaintiff Mr. Meyer's experience being towed from City of Seattle public streets under contract to Lincoln Towing was required to be compliant with both Title II and title III ADA.

63. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of Title II and Title III of the ADA and meets the essential eligibility requirements for the receipt of the services, programs, or activities of the City of Seattle. 42 U.S.C. § 12131.

64. Defendants are mandated to operate each service, program, or activity "so that, when viewed in its entirety, it is readily accessible to and useable by individuals with disabilities." 28 C.F.R. § 35.150; see also 28 C.F.R. § 35.149. This requirement applies to all programs, services, and activities that a public entity offers, whether or not they are carried out in facilities that have been constructed or altered since January 26, 1992.

65. The regulations implementing Title II of the ADA provide that a public entity must maintain the features of all facilities required to be accessible by the ADA. 28 C.F.R. § 35.133.

66. Plaintiff is informed, believes, and thereon alleges that Defendants and their agents and employees have violated and continue to violate Title II of the ADA by failing to maintain accessible access routes, business office areas, auto holding areas, and impound property locations in an accessible manner.

67. Plaintiff is informed, believes, and thereon alleges that Defendants and their agents and employees have violated and continue to violate Title II of the ADA by failing to timely respond to and remedy complaints regarding the lack of accessibility of access routes, business office areas, auto holding areas, and impound property locations.

68. As a direct and proximate result of the aforementioned acts Plaintiff has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendants' failure to remediate access routes, business office areas, auto holding areas, and impound property locations. These failures have denied and continue to deny Plaintiff the full, equal, and meaningful access the ADA requires.

69. Plaintiff has been damaged in an amount to be determined at trial.

70. Because Defendants' discriminatory conduct presents a real and immediate threat of current and continuing future violations, declaratory and injunctive relief are appropriate remedies. Congress has authorized courts to issue "order[s] to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2).

71. Further, plaintiff is entitled to compensatory monetary damages under Title II of the ADA if Plaintiff can prove intentional discrimination. Upon information and belief, Defendants have been aware of the ADA violations for decades and have failed to remedy these violations.

72. Pursuant to 42 U.S.C. § 12133 and § 12205, Plaintiff is entitled to declaratory and injunctive relief as well as reasonable attorneys' fees and costs incurred in bringing this action.

**Second Cause of Action**
**Title III of the Americans with Disabilities Act of 1990**
**42 U.S.C. § 12101 *et seq.***

73. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

74. Lincoln Towing's North Impound Location and South Impound Location are part of a business affecting commerce, and are locations where the general public engages in sales, rental, or services and are therefore a places of public accommodation as defined in 42 U.S.C. § 12181(7).

75. Defendant Lincoln Towing operates and manages the offices and impound lots at the North Impound Location and the South Impound Location in Seattle, Washington.

76. Defendants have discriminated against Plaintiff on the basis of his disabilities. Defendants' discriminatory conduct includes but is not limited to:

    a.    Discriminatory exclusion from and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

    b.    Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded to non-disabled individuals;

    c.    Failing to provide wheelchair accessible routes, entrances, and service counters;

    d.    Failing to provide fully accessible impound lots and offices;

  e. Failing to furnish appropriate auxiliary aids and services to ensure effective communication with individuals with disabilities;

  f. Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities; and

  g. Failing to make alterations in such a manner that, to the maximum extent feasible, areas and services are accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.

77. As such, Defendants discriminate and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Lincoln Towing in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

78. Congress has authorized courts to issue "order[s] to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2).

79. Pursuant to 42 U.S.C. § 12188 and § 12205, Plaintiff is entitled to declaratory and injunctive relief as well as reasonable attorneys' fees, expert expenses, and costs incurred in bringing this action.

80. Plaintiff has been damaged and will continue to be damaged by this discrimination.

**Third Cause of Action
Washington Law Against Discrimination
Revised Code of Washington §§ 49.60.010-49.60.505**

81. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

82. Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part:

> The right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right. This right shall include, but not be limited to: . . . (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement. . . .

83. The Lincoln Towing North Impound Location and South Impound Location are a "place of public resort, accommodation, assemblage, or amusement" within the meaning of the Washington Law Against Discrimination, Wash. Rev. Code § 49.60.040(2).

84. Plaintiff is an individual with disabilities within the scope of the Washington Law Against Discrimination.

85. Plaintiff is informed, believes, and thereon alleges that Defendants and their agents and employees have violated and continue to violate sections 49.60.010 et seq. of the Revised Code of Washington by violating the ADA, and by unlawfully denying Plaintiff full and equal access to the services, access routes, business office areas, auto holding areas, and impound property locations comparable to the access Defendants offer to non-disabled individuals at Lincoln Towing's location.

86. Defendants' actions constitute discrimination against persons with disabilities and violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010 et seq., in that persons with mobility disabilities have been and are denied full and equal

enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendants provide to individuals who do not have disabilities.

87. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendants' failure to remediate the availability of services, access routes, business office areas, auto holding areas, and impound property locations. These failures have denied Plaintiff the full and equal opportunity to use and participate in the services of the Lincoln Towing location that the Washington Law Against Discrimination requires. Plaintiff has been damaged in an amount to be determined at trial.

88. Pursuant to Wash. Rev. Code § 49.60.030(2), Plaintiff is entitled to declaratory and injunctive relief and to recover from Defendants the reasonable attorneys' fees and costs incurred in bringing this action.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. That this Court assume jurisdiction;

2. That this Court issue an order declaring the Defendants to be in violation of the Americans with Disabilities Act;

3. That this Court issue declaratory and injunctive relief ordering the Defendants to bring the Lincoln Towing locations into compliance with, and to operate Lincoln Towing and towing on City of Seattle streets in compliance with, the Americans with Disabilities Act, pursuant to 42 U.S.C. § 12133 and § 12205;

4. That this Court award Plaintiff compensatory monetary damages pursuant to Title II of the ADA for Defendants' intentional discrimination;

5. That this Court award Plaintiff his reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12133, 42 U.S.C. § 12205, and RCW 49.60.030(2); and

6. That this Court award such additional or alternative relief as may be just, proper and equitable.

Dated this 5th day of October, 2018.

**WASHINGTON CIVIL & DISABILITY ADVOCATE**

By /s/Michael Terasaki
Michael Terasaki, WSBA No. 51923
WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
Email: terasaki@wacda.com
Phone: (206) 402-5846

By /s/Conrad Reynoldson
Conrad Reynoldson, WSBA No. 48187
WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
Email: conrad@wacda.com
Phone: (206) 855-3134